# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0880-17T1

IN THE MATTER OF
REGISTRANT R.H.

_____

Argued October 29, 2018 – Decided  November 26, 2018

Before Judges Messano, Gooden Brown, and Rose.

On appeal from Superior Court of New Jersey, Law Division, Hunterdon County, Docket No. ML-0210-0009.

Jeffrey L. Weinstein, Assistant Prosecutor, argued the cause for appellant (Anthony P. Kearns, III, Hunterdon County Prosecutor, attorney; Jeffrey L. Weinstein, on the brief).

James H. Maynard argued the cause for respondent (Maynard Law Office, LLC, attorneys; James H. Maynard, of counsel and on the brief).

PER CURIAM

By leave granted, the State appeals from the September 15, 2017 Law

Division order granting R.H.'s motion to terminate and remove all Megan's Law

obligations, requirements, and disabilities pursuant to N.J.S.A. 2C:7-2(f), which

provides that

> [e]xcept as provided in [N.J.S.A. 2C:7-2(g)], a person required to register under [Megan's Law] may make application to the Superior Court . . . to terminate the obligation upon proof that the person has not committed an offense within [fifteen] years following conviction or release from a correctional facility for any term of imprisonment imposed, whichever is later, and is not likely to pose a threat to the safety of others.

We affirm.

By way of background, on January 25, 1999, R.H. pled guilty to first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(2)(b), second-degree sexual assault, N.J.S.A. 2C:14-2(a)(3)(b), and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). The charges stemmed from R.H., then a school teacher, having sexual contact with a sixteen-year-old female student over the course of a year. On May 7, 1999, R.H. was sentenced to an aggregate term of five years' imprisonment,[1] community supervision for life, N.J.S.A. 2C:43-6.4(a), and ordered to comply with the requirements of Megan's Law,

---

[1] Pursuant to the terms of the plea agreement, R.H. was sentenced to a term one degree lower on the aggravated sexual assault charge in accordance with N.J.S.A. 2C:44-1(f)(2).

N.J.S.A. 2C:7-2(a). Since his release from prison in 2002, R.H. has not been convicted of any new offenses.

R.H. filed a motion to terminate his obligation to register under Megan's Law pursuant to N.J.S.A. 2C:7-2(f), and terminate his community supervision for life sentence pursuant to N.J.S.A. 2C:43-6.4(c). In support, R.H. certified that he had remained offense free since his release, had been married for forty-five years, had maintained stable employment until his retirement a few years prior, and did not use illicit drugs or drink alcohol. R.H. also submitted a psychosexual evaluation and actuarial risk assessment report prepared by James R. Reynolds, Ph.D., opining that R.H. was not likely to commit another sexual offense and did not pose a risk of harm to others in the community.

While the State did not oppose the termination of R.H.'s community supervision for life sentence, the State objected to the termination of his Megan's Law obligations, asserting that he was statutorily barred from seeking termination pursuant to N.J.S.A. 2C:7-2(g), which makes the lifetime registration requirements "permanent [and] irrevocable" for certain offenders. In re State ex rel. C.K., 233 N.J. 44, 66 (2018). Enacted on January 8, 2002, and effective immediately, N.J.S.A. 2C:7-2(g) provides in pertinent part:

> A person required to register under [Megan's Law] who has been convicted of . . . more than one sex offense as

defined in [N.J.S.A. 2C:7-2(b)][2] or who has been convicted of . . . aggravated sexual assault pursuant to subsection [(a)] of [N.J.S.A. 2C:14-2] . . . is not eligible under [N.J.S.A. 2C:7-2(f)] to make application to the Superior Court . . . to terminate the registration obligation.

According to the State, although R.H.'s convictions predated the enactment, under Doe v. Poritz, 142 N.J. 1, 25 (1995), retroactive application of Megan's Law is not barred by ex post facto challenges because the statute is not penal, but rather a regulatory provision designed to protect the public.

Following oral argument, on September 15, 2017, the trial court granted R.H.'s motion. In a comprehensive written decision, the court acknowledged that "Megan's Law is a civil regulatory registration requirement," and determined that "retroactive application of N.J.S.A. 2C:7-2(g) should be evaluated under the standard used to determine retroactive application of civil statutes, articulated in Phillips v. Curiale[,128 N.J. 608 (1992)]." Under that analysis, the court concluded that "without direction from the legislature as to their explicit or implicit intent regarding retroactive application of N.J.S.A. 2C:7-2(g)[,] retroactive application is inappropriate." Moreover, according to

---

[2] Sex offenses defined in N.J.S.A. 2C:7-2(b) include a conviction for "aggravated sexual assault; sexual assault; . . . [and] endangering the welfare of a child by engaging in sexual conduct[,] which would impair or debauch the morals of the child pursuant to subsection [(a)] of [N.J.S.A.] 2C:24-4."

4

the court, "retroactive application . . . is still inappropriate because it would interfere with [the] [r]egistrant's vested rights and create manifest injustice." The court explained that because "there existed the possibility for termination of those obligations under N.J.S.A. 2C:7-2(f)" when R.H. "was convicted and Megan's Law obligations imposed," R.H. had "a vested right . . . protected by the standard articulated in Phillips v. Curiale." Further, "retroactive application of N.J.S.A. 2C:7-2(g) would create a manifest injustice as it would impose a life time registration requirement on [R.H.] without consideration of his low risk of reoffending." The court entered a conforming order and this appeal followed.

On appeal, the State raises the following points for our consideration:

> POINT I
>
> APPLYING N.J.S.A. 2C:7-2(G) TO REGISTRANTS WHO, LIKE R.H., WERE NOT ELIGIBLE FOR MEGAN'S LAW TERMINATION WHEN SUBSECTION G WAS PASSED IS NOT A RETROACTIVE APPLICATION OF THE STATUTE.
>
> POINT II
>
> EVEN UNDER A "CIVIL" BASED RETROACTIVITY ANALYSIS, SUBSECTION G APPLIES TO R.H.

In In re Registrant G.A., 455 N.J. Super. 515, 522 (App. Div. 2018), we rejected similar arguments and concluded that the retroactive application of

subsection (g) to those convicted of sex offenses prior to its effective date in 2002 was not the intent of the Legislature and would, in any event, be manifestly unfair if applied to such offenders. Initially, we rejected the State's argument that N.J.S.A. 2C:7-2(g) was not applied retroactively to R.H. and others like him because R.H. sought termination fifteen years after N.J.S.A. 2C:7-2(g) was enacted. We observed that "[a] law is retrospective if it 'appl[ies] to events occurring before its enactment' or 'if it changes the legal consequences of acts completed before its effective date.'" G.A., 455 N.J. Super. at 529 (alterations in original) (quoting Riley v. Parole Bd., 219 N.J. 270, 285 (2014); and Miller v. Florida, 482 U.S. 423, 430 (1987)). Here, like in G.A., the Legislature's adoption of subsection (g) changed the legal consequences of the guilty plea R.H. entered prior to its enactment, at a time when R.H. "faced the prospect of presumptive lifetime registration, but . . . retained the possibility of relief pursuant to subsection (f), . . . thereby changing the legal consequences" of R.H.'s convictions entered years earlier. Ibid.

We also rejected the State's argument that "the Legislature implied its intention to make subsection [(g)] retroactive by the plain language of the statute," and to hold otherwise "would be contrary to the public safety purpose underlying the amendment and Megan's Law itself." We stated:

A-0880-17T1

> This argument ignores the fact that the Legislature believed Megan's Law, as originally enacted in 1994, fully satisfied its public safety objectives, even though it permitted potential relief from registration pursuant to subsection (f).
>
> Moreover, the legislative history of subsection (g) supports no such assertion. The sponsor and committee statements in both the Assembly and the Senate make clear that subsection (g) was enacted to meet the requirements of the now repealed Wetterling Act and to insure continued federal funding.
>
> . . . . [T]he Legislature's stated purpose for enacting subsection (g)—securing federal funding by complying with federal law—was fully served without retroactive application of the new statute.
>
> In short, there is little to suggest the Legislature intended subsection (g) apply retroactively to those who were "convicted or released" prior to 2002.
>
> [Id. at 533-34 (citations omitted).]

Based on our conclusion, we determined that there was no need to decide whether retroactive application of subsection (g) "would result in unconstitutional interference with 'vested rights' or a 'manifest injustice.'" Id. at 534 (quoting Johnson v. Roselle EZ Quick LLC, 226 N.J. 370, 394 (2016); and Nobrega v. Edison Glen Assocs., 167 N.J. 520, 537 (2001)). However, for the sake of completeness, we determined registrants, like R.H.,

> had no vested right to relief from their registration obligations. As originally enacted, Megan's Law

presumed they would be subject to lifetime registration; subsection (f) provided conditional relief contingent not only upon [their] own conduct, but also upon their ability to persuade a judge they no longer posed a threat to public safety. More importantly, "[t]here can be no vested right in the continued existence of a statute . . . which precludes its change or repeal."

However, at the time of their guilty pleas, [the registrants] could reasonably rely upon the possibility of relief from lifetime registration. The retroactive application of subsection (g) does not modify a remedy but eliminates an incentive integral to Megan's Law remedial purpose by denying certain registrants any relief from the obligations inherent in lifetime registration, along with the attendant opprobrium and potential criminal liability. Weighing that against the public's interest in the safety of the community, which was adequately served by subsection (f) prior to the passage of subsection (g), we conclude retroactive application of subsection (g) . . . would be manifestly unjust.

[Id. at 535 (second and third alterations in original) (quoting Phillips, 128 N.J. at 620).]

We reach the same conclusion here. In light of our decision, we need not address R.H.'s alternative arguments.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0880-17T1